UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BAYOU FLEET PARTNERSHIP, LLC                CIVIL ACTION

VERSUS                                       NO. 10-1557

ST. CHARLES PARISH                           SECTION "B"(3)

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Doc. No. 28), and Plaintiff's Motion to Strike Defendant's State Law Defenses pursuant to Federal Rule of Civil Procedure 12(f) (Rec. Doc. No. 22), both of which are opposed (Rec. Doc. Nos. 27, 34). For the following reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 28) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's State Law Defenses (Rec. Doc. No. 22) is **GRANTED IN PART** and **DISMISSED IN PART.**

Plaintiff owns four tracts of Mississippi River batture property located along the Lower Mississippi River in St. Charles Parish. Rec. Doc. No. 28-1, at 1; Rec. Doc. No. 34, at 1. Before St. Charles Parish ("the Parish") adopted its Comprehensive Zoning Ordinance, Plaintiff's batture property had been used for various industrial activities, including aggregate storage and distribution facilities, sand pit extraction, and shipyard facilities. Rec.

1

Doc. No. 28-1, at 1-2; Rec. Doc. No. 1, at 3.  With the adoption of the Parish's Comprehensive Zoning Ordinance, all of Plaintiff's tracts were zoned B-1 (a non-industrial batture district), and the previous industrial uses of Plaintiff's property became classified as non-conforming uses.  Rec. Doc. No. 28-1, at 2; Rec. Doc. No. 1, at 3.

The Comprehensive Zoning Ordinance also established a B-2 zoning classification for batture property, which created an industrial batture district and only prohibited batture property from being used for medical waste storage, treatment, or disposal facilities.  Rec. Doc. No. 1, at 3-4.  Plaintiff asserts that its neighboring batture property, which had historically been utilized for the same types of economic activity, applied for and was granted a rezoning from B-1 to B-2 in 1996 and 1999.  Rec. Doc. No. 28-1, at 2; Rec. Doc. No. 34, at 1; Rec. Doc. No. 1, at 4-5.  However, in 2003, and again in 2009, Plaintiff applied to have its property rezoned from B-1 to B-2, which the Parish denied.  Rec. Doc. No. 1, at 5-6.  Plaintiff filed its Complaint against the Parish on May 25, 2010, alleging violations of substantive due process and equal protection pursuant to 42 U.S.C. § 1983, claiming that the Parish "arbitrarily or capriciously engaged in reverse spot zoning, by singling out the plaintiff's four tracts of batture property for different, less favorable, treatment, than the neighboring batture property."  Rec. Doc. No. 1, at 6-7.

The Parish previously filed a motion to dismiss Plaintiff's Complaint based on prescription, and this Court granted the motion as it related to the 2003 denial, but denied the motion regarding the 2009 request. *See* Rec. Doc. Nos. 6, 13. The Parish then filed its Answer to Plaintiff's Complaint on January 31, 2011. *See* Rec. Doc. No. 15. In early February 2011, Plaintiff filed a Supplemental and Amending Complaint, which added the Parish's denial of Plaintiff's third application for rezoning of its property in 2010 as a new claim, additionally sought a "permanent mandatory injunction," and increased the monetary damage demand. *See* Rec. Doc. No. 19.

I. **Motion to Dismiss**

The Parish filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that both of Plaintiff's Complaints fail to state the essential elements of either substantive due process or equal protection and should therefore be dismissed. Rec. Doc. No. 28, at 1; Rec. Doc. No. 28-1, at 4. The Parish asserts that Plaintiff has not articulated a constitutionally protected property interest, legitimate claim of entitlement, or any justifiable expectation that its property would be rezoned, which is necessary to sustain a substantive due process claim in this context. Rec. Doc. No. 28-1, at 4-5. Further, the Parish argues that without this prerequisite property interest, Plaintiff's substantive due process allegations completely overlap

its equal protection claim, and therefore, the Court should dismiss Plaintiff's substantive due process claim and analyze the facts and allegations only with regard to the alleged equal protection violation. *Id.* at 6-7. Finally, the Parish contends that Plaintiff has failed to adequately allege that the neighboring batture property allowed to be rezoned was substantially similar to Plaintiff's property in order to maintain an equal protection claim based on a "class of one" theory. *Id.* at 7-9.

Plaintiff first urges that the Parish's motion is untimely to the extent it seeks a dismissal of the claims set forth in Plaintiff's original Complaint, as the motion was filed after the Parish filed its Answer to the original Complaint, and pursuant to Rule 12(b), a 12(b)(6) motion must be made prior to the filing of the Answer. Rec. Doc. No. 34, at 4. Plaintiff additionally contends that it has sufficiently alleged a protected property interest, as ownership in and use and enjoyment of real property has been held to be a protected property interest worthy of due process protection and moreover, in limited circumstances, such a property interest includes not only what is owned but also what is sought. *Id.* at 5-6. Plaintiff further maintains that it has a protected property interest in and legitimate entitlement to a rational zoning decision, since under Louisiana law, a local governmental body has no authority or discretion to engage in irrational, arbitrary, or capricious reverse spot zoning, which is

alleged here.  *Id.* at 7.  Accordingly, Plaintiff asserts that it has adequately pled the prerequisite protected property interest for its substantive due process claim, and therefore, the claim cannot be subsumed by its additional equal protection claim and should not be dismissed.  *Id.* at 8.  Plaintiff further argues that it has sufficiently stated a claim for equal protection based on a "class of one" theory, as it clearly alleges in both its original and Supplemental and Amending Complaint that its property and its neighbors' property were similarly situated with the same historical uses, yet the Parish rezoned the neighboring property but refused to rezone Plaintiff's.  *Id.* at 11.

A.   *Motion to Dismiss Standard*[1]

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). " 'To survive

---

[1]While Plaintiff correctly contends that a Rule 12(b) motion must be filed before responsive pleadings, a motion to dismiss for failure to state a claim filed after the answer may be treated as a 12(c) motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted, which may be filed after the pleadings are closed. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  We therefore construe the Parish's motion to dismiss, to the extent it challenges the claims raised in Plaintiff's original Complaint, as one for judgment on the pleadings under 12(c).  The Fifth Circuit applies the same standard for a motion to dismiss under Rule 12(c) as it does for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Jones*, 188 F.3d at 324; *see also Oakville Community Action Group v. Industrial Pipe, Inc.*, 2003 WL 22990719, *1-*2 (E.D.La. 2003).

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted).  The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950.  First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*  Legal conclusions "must be supported by factual allegations." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

*B.   Plaintiff's Substantive Due Process Claim*

In order to establish a substantive due process violation, a plaintiff must first show the existence of a constitutionally protected property right to which the Fourteenth Amendment's due process protection applies. *Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 249-50 (5th Cir. 2000); *McCachren v. U.S. Dept. Of Agriculture, Farmers Home Administration*, 599 F.2d 655 (5th Cir. 1979). The United States Supreme Court has explained that property interests, for the purposes of the due process clause, are created and defined by existing rules or understandings that stem from an independent source such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Court further stated that a protected property interest requires more than a person's abstract need, desire, or unilateral expectation of it; one must instead have a legitimate claim of entitlement to it. *Id.* In addition, although the existence of a property interest must be decided initially by reference to state law, federal constitutional law determines whether that interest rises to the level of entitlement protected by the due process clause. *Shawgo v. Spradlin,* 701 F.2d 470, 475 (5th Cir. 1983) (citing *Winkler v. County of DeKalb*, 648 F.2d 411, 414 (5th Cir. 1981)).

Plaintiff claims it has a protected property interest in a legitimate zoning decision, as Louisiana law prohibits irrational

7

reverse spot zoning. Rec. Doc. No. 34, at 7. Indeed, in *Shelton v. City of College Station*, 754 F.2d 1251 (5th Cir. 1985), the United States Fifth Circuit Court of Appeals, in considering a substantive due process claim under § 1983 in connection with the denial of a zoning variation, found that because Texas law recognizes the right of an owner not to have his use of his property arbitrarily restricted, and further allows this right to be judicially enforced, such right "is, in our view, sufficiently a property right - a 'legitimate claim of entitlement' - that the arbitrary deprivation thereof implicates an invasion of Fourteenth Amendment due process rights." *Shelton*, 754 F.2d at 1256-57 (citing *Roth, supra*, 408 U.S. at 577; *Perry v. Sinderman*, 408 U.S. 593, 599-603 (1972)). The court specifically focused on the fact that Texas law provided a judicial remedy for property owners aggrieved by an arbitrary and unreasonable zoning action by a municipal agency, including where, through arbitrary and discriminatory exercise of the power to deny zoning applications, the municipal actor deprives the owner of a property interest of a business use of his property that is permitted to others similar situated. *Shelton*, 754 F.2d at 1256 (internal citations omitted).[2]

---

[2] Although rehearing en banc was held in this matter, the court did not address the issue of defining the property right in question, as it found that there was a rational basis for the zoning decision made, thereby precluding a substantive due process claim. *See Shelton v. City of College Station*, 780 F.2d 475, 477, 479 (5th Cir. 1986).

8

Louisiana similarly recognizes and allows judicial redress for arbitrary and capricious zoning decisions made by municipalities, including where the denial of a rezoning request results in a plaintiff being treated differently than those whose rezoning requests have been granted, thereby resulting in "reverse spot zoning." *See, e.g., Four States Realty Co. v. City of Baton Rouge*, 309 So.2d 659 (La. 1975); *Jenniskens v. Parish of Jefferson*, 940 So.2d 209 (La. App. 5 Cir. 2006); *Cook v. Metropolitan Shreveport Bd. of Appeals*, 339 So.2d 1225 (La. App. 2 Cir. 1976); *Sears, Roebuck & Company v. City of Alexandria*, 155 So.2d 776 (La. App. 3 Cir. 1963). Accordingly, at this stage in the proceedings, Plaintiff has set forth a plausible constitutionally protected property interest sufficient to prevent dismissal of its substantive due process claim.

C.   *Plaintiff's Equal Protection Claim*

To establish an equal protection claim based on a "class of one" theory, the plaintiff must show that he or she was treated differently from others similarly situated and there was no rational basis for the difference in treatment. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The Parish asserts that Plaintiff has failed to provide sufficient facts in its Complaint to support its claim that the tracts of land

at issue are substantially similar. Rec. Doc. No. 28-1, at 9. However, Plaintiff specifically alleges in its Complaint that before the Parish adopted its Comprehensive Zoning Ordinance, which created the classifications of non-industrial and industrial batture districts, its neighboring tracts of batture property - the Home Place Tract and the Giambelluca Tract - had been used for the same industrial uses as Plaintiff's property, which among other uses included aggregate storage and distribution facilities, sand pit extraction, storage and distribution facilities, and shipyard facilities. Rec. Doc. No. 1, at 2-3. Additionally, Plaintiff's Complaint provides that when the Parish adopted its Comprehensive Zoning Ordinance, Plaintiff's property, the Home Place Tract, and the Giambelluca Tract were all zoned B-1; however, when the latter tracts applied to be rezoned from B-1 to B-2, such requests were granted, while Plaintiff's were repeatedly denied. *Id.* at 3-6. Accepting these facts as true and viewing them most favorably to Plaintiff, the Complaint sufficiently alleges that Plaintiff's property was treated differently than its neighboring property, which in light of the pertinent characteristics at issue here can be considered similarly situated. Accordingly, the Parish's Motion to Dismiss Plaintiff's equal protection claim is also denied.

**II. Motion to Strike**

Plaintiff urges this Court to strike the Parish's three state

law defenses raised in its answer. Rec. Doc. No. 22. Specifically, Plaintiff asserts that the Parish's state law discretionary immunity defense should be stricken because the defenses to a § 1983 claim are defined and controlled by federal, not state, law. Rec. Doc. No. 22-1, at 2-3. Similarly, Plaintiff argues that the Parish's state law jury trial limitation defense should be stricken because the right to a jury trial in federal court presents a question of federal law, even when a state statute would preclude a jury trial in state court. *Id.* at 3. Plaintiff further maintains that this Court should strike the Parish's allegation that Plaintiff's lawsuit is premature for failure to exhaust all administrative remedies provided in the Parish Code of Ordinances, as exhaustion of state administrative remedies is not a prerequisite to a § 1983 action. *Id.* at 4. Plaintiff claims that to the extent the Parish argues that the suit is not ripe because Plaintiff is essentially pursuing a takings claim, such contention should be stricken, because Plaintiff does not allege a takings claim, but only substantive due process and equal protections claims, which are clearly ripe. Rec. Doc. No. 33, at 3-6. Finally, Plaintiff contends that to the extent the Parish seeks to challenge Plaintiff's Supplemental and Amending Complaint on the basis of failure to exhaust administrative remedies, such issue is not properly before the Court at this time since the

Parish has not yet filed its answer to the Supplemental and Amending Complaint. *Id.* at 7.

The Parish contends that because Plaintiff's Complaint invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, thereby implying that its allegations include potential state law claims, the Parish's state law discretionary immunity defense should not be stricken at this time. Rec. Doc. No. 27, at 1-4. The Parish, however, concedes that Plaintiff is entitled to a trial by jury on its § 1983 claims to the extent those claims seek legal damages. *Id.* at 4. Additionally, the Parish argues that its ripeness defense based on Plaintiff's failure to exhaust all administrative remedies provided in the Parish's Code of Ordinances should be allowed because Plaintiff's Supplemental and Amended Complaint contains factual allegations and claims that have not first been submitted to the St. Charles Parish Council. *Id.* at 5. The Parish further asserts that Plaintiff's damage demand is "for all intents and purposes a Fifth Amendment takings claim," which requires a litigant to pursue available state law remedies prior to seeking relief in federal court, and therefore Plaintiff's claims are not ripe and the Parish's defense based on such should not be stricken. *Id.* at 5-7.

A.   *Motion to Strike Standard*

Rule 12(f) allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of this rule is to streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters.  *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).  Immateriality is established by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler v. Benson Motors Corp.*, 1997 WL 266735, at *1 (E.D. La. 1997) (quoting *Succession of Wardlaw v. Whitney Nat'l Bank*, 1994 WL 479183, at *1 (E.D. La. 1994)).  Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they "have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney,* 244 F. Supp. 2d at 402; *see also Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985).

B.   *Discretionary Immunity Defense (La. R.S. 9:2798.1)*

The Parish maintains that its state law discretionary immunity defense should not be stricken because Plaintiff's Complaint has invoked the supplemental jurisdiction of this Court thereby

13

suggesting that some of Plaintiff's claims may arise from state law. Rec. Doc. No. 27, 1-4. Plaintiff, however, has not asserted any state law claims; instead, its original and Supplemental and Amending Complaint only allege causes of action under § 1983, based on the Parish's purported violation of Plaintiff's federal Fourteenth Amendment substantive due process and equal protection rights. *See* Rec. Doc. Nos. 1, 19. As "conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 [] cannot be immunized by state law,"[3] the Parish's state law discretionary immunity defense has no bearing upon the subject matter of the litigation, and therefore Plaintiff's motion to strike this defense is granted.

C.  *Jury Trial Limitation (La. R.S. 13:5105)*

As set forth above, the Parish concedes that Plaintiff is entitled to a trial by jury on its § 1983 claims to the extent those claims seek legal damages. Rec. Doc. No. 27, at 4. Accordingly, Plaintiff's motion to strike the Parish's state law jury trial limitation defense is granted.

D.  *Ripeness of Plaintiff's Claims Based on Failure to Exhaust Administrative Remedies*
    The Parish argues that it should be allowed to assert its

---

[3]*Martinez v. California*, 444 U.S. 277, 284 n.8 (1980) (citing *Hampton v. Chicago*, 484 F.2d 602, 607 (7th Cir. 1973)).

ripeness defense based on Plaintiff's failure to exhaust all administrative remedies provided in the Parish's Code of Ordinances because Plaintiff is in reality asserting a Fifth Amendment takings claim, which requires a Plaintiff to seek compensation through available state court procedures before pursuing a federal court action. Rec. Doc. No. 27, at 5-7. The Parish also asserts that Plaintiff's Supplemental and Amending Complaint contains hypothetical allegations of applications and denials that have not even been before the St. Charles Parish Council for decision. *Id.* at 4-5.

With respect to the Parish's contention that Plaintiff is in actuality asserting a takings claim under the Fifth Amendment, Plaintiff's motion to strike the Parish's defense of ripeness is granted. Plaintiff has not, in either its original Complaint or Supplemental and Amending Complaint, stated or implied a takings claim under the Fifth Amendment. *See* Rec. Doc. Nos. 1, 19. Indeed, Plaintiff has consistently only asserted claims pursuant to § 1983 for the Parish's alleged violation of Plaintiff's Fourteenth Amendment substantive due process and equal protection rights. *Id.* Because Plaintiff has not alleged a takings claim, explicitly or otherwise, the Parish's ripeness defense premised on Plaintiff's "mischaracterization" of its causes of action is immaterial and is hereby stricken.

However, considering the Parish's alternative assertion that certain allegations contained in Plaintiff's Supplemental and Amending Complaint are not ripe for review, the Court finds that this issue is not properly before it at this time, as the Parish has yet to file its Answer to the Supplemental and Amending Complaint asserting such defense.  Accordingly, to the extent that this issue has been raised, Plaintiff's motion to strike is dismissed without prejudice to reurge on a timely basis.

New Orleans, Louisiana, this 8th day of July, 2011.

_____
United States District Judge