**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BAYOU FLEET PARTNERSHIP, L.L.P.                CIVIL ACTION

VERSUS                                          NUMBER: 10-1557

ST. CHARLES PARISH                              SECTION: "B"(3)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. No. 41) pursuant to Federal Rule of Civil Procedure Rule 56.  Fed. R. Civ. P. 56.  Plaintiff seeks to preclude re-litigation of an issue pursuant to the doctrine of collateral estoppel.

Cause of Action and Facts of Case:

On May 25, 2010 Bayou Fleet Partnership, L.L.P. ("BFP") filed a § 1983 substantive due process and equal protection complaint against St. Charles Parish ("Parish").  (Rec. Doc. No. 1).  In response, the Parish has filed two Motions to Dismiss which have been denied by the Court.  (Rec. Doc. Nos. 6, 28,).  The Parish's most recent Motion to Dismiss, argued that BFP's property and the property of its neighbor were not "similarly situated."  (Rec. Doc. No. 28 at 8).  However, BFP asserts in the instant motion that the issue of "similarly situated" was previously litigated in *Bayou Fleet, Inc. v. Alexander*, 1997 WL 625492 (E.D. La. 1997).  Then Judge Mentz found on the merits in favor of BFP.  Based upon this

previous finding, BFP now intends to preclude the issue from re-litigation in the instant action. (Rec. Doc. No. 41-1 at 2).

<u>Contentions of Movant:</u>

Plaintiff, Bayou Fleet Partnership, L.L.P. (BFP), contends that the issue of whether the properties involved in the instant action are "similarly situated" has been previously litigated such that pursuant to the doctrine of collateral estoppel the issue should be precluded from relitigation.  (Rec. Doc. No. 41-1 at 1). Subsequently BFP asserts, pursuant to Federal Rule of Civil Procedure 56, that the Court should grant partial summary judgment on the issue in favor of BFP, based upon the previous decision of the issue in *Bayou Fleet, Inc. v. Alexander*.  Fed. R. Civ. P. 56; *Bayou*, 1997 WL 625492.

In response to Defendants contention that the instant motion is an attempted application of "offensive" collateral estoppel, discussed *infra*, BFP responds that complete identity of the parties in the two actions is not required to apply the doctrine of collateral estoppel, so long as there was a full and fair opportunity to litigate the matter.  (Rec. Doc. No 64 at 3). Furthermore, BFP contends it is in privy with Bayou Fleet, Inc., and as a result mutuality remains between the parties in the instant action.  (Rec. Doc. No. 64 at 3).  Therefore, application of the doctrine of collateral estoppel should not be subject to the more restrictive application of "offensive" collateral estoppel.

Contentions of Respondent:

Defendant, Parish, contends that offensive collateral estoppel of the "similarly situated" issue is inappropriate and unfair in this matter.  (Rec. Doc. No. 58 at 2).  The Parish contends further that the issue of "similarly situated" was not addressed or even at issue in the earlier action, Bayou Fleet, Inc. v. Alexander.  (Rec. Doc. No. 58 at 3).

In applying the doctrine of collateral estoppel to the instant motion, the Parish contends:

1.    The issue of "similarly situated" in the instant action is not identical to the issue as decided in *Bayou Fleet, Inc. v. Alexander* as a result of differing policy considerations.  (Rec. Doc. No. 58 at 8).

2.    The issue of "similarly situated" was not fully and vigorously litigated in the prior action.  (Rec. Doc. No. 58 at 8).

3.    The issue of "similarly situated" was not necessary and essential to the Judgment in the prior action.  (Rec. Doc. No. 58 at 9).

4.    Collateral estoppel is unavailable to BFP because although District Court judges are granted broad discretion in applying the doctrine, they are bounded to considerations of fairness, and following, collateral estoppel is wholly unfair and inappropriate under these circumstances.  (Rec. Doc. No. 58 at 10); *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1172-73 (5th Cir. Unit A. Dec. 1981); *see also Baros v. Texas Mexican Ry.*

*Co.*, 400 F.3d 228, 233 (5th Cir. 2005)(quoting *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995)(*citing United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994).

The Parish further contends that the instant motion seeks application of "offensive" collateral estoppel because the parties involved in the earlier action, *Bayou Fleet, Inc. v. Alexander*, are non-mutual in the instant action. (Rec. Doc. No. 58 at 1). Therefore, application of the doctrine of collateral estoppel should be more restrictive as a result of the attempt to "offensively" apply the doctrine.

In response to BFP's contention that the instant motion seeks application of mutual collateral estoppel because Bayou Fleet, Inc. is a privy of BFP, discussed *supra*, Parish contends that this argument is contrary to BFP's own claims argued before Magistrate Judge Knowles concerning discovery of Bayou Fleet, Inc.'s operations.   *See* Docket No. 48; (Rec. Doc. No. 65-1 at 2). Furthermore, the Parish contends that BFP has offered no evidence or valid case law that a partnership is the privy of a corporation. (Rec. Doc. No 65-1 at 2).

Law and Analysis

Doctrine of Collateral Estoppel:

"Collateral estoppel (issue preclusion) bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment even if the issue recurs in the context of a different

-4-

claim."   Dresser v. Ohio Hempery, Inc., No. 98-2425, 2011 WL 2416595, at *4 (E.D. La. June 13, 2011) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).   "To establish collateral estoppel, a party must show: '(1) that the issue at stake [is] identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.'"   Id. (quoting *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009).

"The parties to the suits need not be completely identical, so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit." *Wehling v. CBS*, 721 F.2d 506, 508 (5th Cir. 1983).   For the purposes of collateral estoppel the term party also includes a party and its privies.  *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326-327 (1979).  "Offensive use of collateral estoppel occurs when plaintiff seeks to foreclose defendant from litigating an issue the defendant previously litigated unsuccessfully in an action with another party[]".  *Id*. at 327.

> "The prefereable approach . . . is not to preclude the
> use of offensive collateral estoppel, but to grant trial
> courts broad discretion to determine when it should be
> applied.  The general rule should be that in cases where
> a plaintiff could easily have joined in the earlier
> action or where . . . the application would be unfair to

a defendant, a trial judge should not allow the use of
offensive collateral estoppel."

*Id*. at 331.

<u>Application to the Instant Motion:</u>

The first issue is whether the issue of "similarly situated"
in the instant action is identical to the consideration of the same
issue in *Bayou Fleet, Inc. v. Alexander.*

> "Issue preclusion applies when suits involve separate
> claims, but present some of the same issues, and bars the
> relitigation of issues actually adjudicated, and
> essential to the judgment, in a prior litigation between
> the same parties."

*Midwest Mechanical Contractors, Inc. v. Commonwealth Const. Co.*,
(801 F.2d 748, 751 (5th Cir. 1986).  See also, *Taylor v. Sturgell*,
533 U.S. 880, 892 (2008)("Issue prelusion . . . bars successive
litigation of an issue of fact or law actually litigated and
resolved in a valid court determination essential to the prior
judgment, even if the issue recurs in the context of a different
claim.").  In the instant action, BFP has filed an equal protection
claim seeking remedy under 42 U.S.C. § 1983 concerning the zoning
of its property.  (Rec. Doc. No. 1).  In *Bayou Fleet Inc. v.
Alexander*, the court similarly considered an equal protection claim
also seeking remedy under 42 U.S.C. § 1983.  *Bayou*, 1997 WL 625492,
at *4.  These claims concern the same property and argue the issue
of "similarly situated" comparably, although one may concern a non-
conforming use and the other zoning.  These facts considered, it is

clear that that issue of "similarly situated" is identical in the instant and previous actions.

Secondly, the court considers whether the issue in the previous action was actually litigated. Judge Mentz in Bayou stated:

> "The evidence shows that Bayou Fleet and Home Place are in the same business of leasing sand pits located on batture property between the Mississippi River and its levee in Hahnville, Louisiana. Indeed their businesses are located next to each other along the batture."

*Id*. at 5. Therefore it is clear the court considered the issue of "similarly situated".

The final element for consideration of the doctrine of collateral estoppel, is whether the determination of the issue was necessary to the judgment. In *Bayou Fleet, Inc. v. Alexander*, Judge Mentz considered the application of 42 U.S.C. § 1983, which provides remedies for deprivations of constitutionally deprived interests. He states:

> "The equal protection clause requires that a state and its subdivisions apply legislation and actions evenhandedly to all persons similarly situated in a designated class. *Massachusettes Bd. of Retirement v. Murgia*, 427 U.S. 317, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). . .
> A violation of equal protection may be shown where a person who is not a member of a particular group of individuals, is deliberately singled out for disparate treatment from others similarly situated []. *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995). *Rubinovitz v.Rogato*, 60 F.3d 906, 909-10 (1st Cir. 1995). *Leclair v. Saunders*. 627 F.2d 606, (2nd Cir. 1980).

*Id.*

In weighing the applicability of Section 1983 to Bayou Fleet, Inc.'s claim, it is apparent that the issue of "similarly situated" was necessary to the courts determination.  Furthermore, although the court may have discussed the discriminatory actions involved in the case more thoroughly, this does not lessen the necessity of the issue of "similarly situated".  *Bayou*, 1997 WL 625492, at *5

Although, for the purposes of collateral estoppel the term party may include one's privies and whether Bayou Fleet, Inc. is a privy of BFP is argued by the parties, the determination of this matter is ultimately irrelevant to the decision on the instant motion.  *Parklane* 439 U.S. 322, 326-327; (Rec. Doc. Nos. 41, 58 at 1, 64 at 3, 65 at 1-2).  "The parties to the suits need not be completely identical, so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit." *Wehling v. CBS*, 721 F.2d 506, 508 (5th Cir. 1983).  Therefore, if the Parish had the "full and fair opportunity to litigate" the issue of "similarly situated," and the factors of the doctrine are fulfilled, the doctrine of collateral estoppel is applicable to the instant motion.  (Rec. Doc. No. 41).  In determining whether the Parish had the full and fair opportunity to litigate the issue of "similarly situated,", it is clear that as a party to the initial suit the Parish had every available opportunity to litigate the issue.  The issues of fairness cited by

the Supreme Court in *Parklane Hosiery Co., Inc. v. Shore* concern matters of difficult discovery in the previous action, lack of incentive to litigate the matter, or general distinctions between the two cases which effect a parties  opportunity to litigate. Both cases being litigated before the same judicial district, it is clear that the Parish has had every opportunity to fully and fairly litigate this matter.   Therefore the doctrine of collateral estoppel is applicable to the instant action concerning this issue of "similarly situated".

Accordingly, and for the reasons above articulated, **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 30th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE