UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU FLEET PARTNERSHIP, L.L.P. | CIVIL ACTION |
| VERSUS | NO. 10-1557 |
| ST. CHARLES PARISH | SECTION "B" (3) |

## ORDER

On December 7, 2011, Plaintiff's Motion for Contempt and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #77], Motion to Quash or in the Alternative for a Protective Order Limiting the Scope of Plaintiff's Rule 30(b)(6) Deposition Notice and F.R.C.P. Rule 37(a)(1) Limitation [Doc. #84], Plaintiff's Motion to Compel and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #86], and the Motion to Quash Notice of Deposition or for Protective Order and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #88] came on for oral hearing before the undersigned. Present were J. Mac Morgan on behalf of plaintiff, Alan Zaunbrecher and Michelle O'Daniels on behalf of defendant, Jeff Cash on behalf of Lionel and Veronica Aucoin and Harold Winters *pro se*. After the oral hearing, the Court took the motions under advisement. Having reviewed the motions, the oppositions, the case law and the parties' oral arguments, the Court rules as follows.

(1)     With regard to Plaintiff's Motion for Contempt and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #77], the Court grants the motion in part. Plaintiff asks the Court to hold Harold Winters, Abdulrahimi and Katherine Kaplan, Jim Glace (Glaes), and Lionel and Veronica Aucoin

in contempt of court for failure to attend their depositions after having been personally served with a deposition subpoena and a check for witness fees and mileage more than 30 days before the noticed depositions.

As to Abdulrahimi and Katherine Kaplan, the Court grants the motion in part. The Kaplans wholly failed to appear for their depositions even though plaintiff properly served them and after they cashed the checks for witness fees and mileage. Neither did the Kaplans appear at the hearing to explain their failure to attend their depositions. The Court finds the Kaplans in contempt and holds them liable together in the amount of $500.00 to plaintiff.

As to Glaes, the Court grants the motion in part. The letter that Glaes mailed to the Court indicates that he is perfectly willing to sit for his deposition and attempted to notify plaintiff's counsel numerous times with regard to the deficiencies in the deposition notice. While the Court does not hold Glaes in contempt, the Court orders him to appear for his deposition at a time and date mutually-agreed upon by the parties. In addition, Glaes is entitled to no other fees apart from those already paid to him by plaintiff.

As to Winters, the Court grants the motion in part. Winters appeared at the oral hearing to explain that he had a conflicting court date on the day on which plaintiff had noticed his deposition. Thus, the Court will not hold Winters in contempt but it will order him to appear for his deposition at a time and date mutually-agreed upon by the parties.

As to the Aucoins, the Court denies the motion. From the opposition memorandum and the testimony at the oral hearing, it appears that there was simply some sort of miscommunication between counsel and the Aucoins that led Mr. Aucoin to believe that his testimony was unnecessary and that he need not appear for his deposition. Mr. Aucoin is 83-years old, has had a stroke,

quadruple bypass surgery, wears a pacemaker and is hard of hearing. Mr. Aucoin attaches a letter from Dr. Walter Birdsall to his opposition, in which Birdsall opines that Mr. Aucoin's condition will not allow him to undergo a deposition and doing so would place undue stress on him. Mr. Aucoin's hemorrhagic stroke has caused difficulty with speech fluency and rendered him forgetful. He has difficulty with anxiety and stressful situations. He has a severe hearing impairment that makes it difficult for him to understand others and to communicate. After having relayed this information to counsel and communicating with counsel for defendant, Mr. Aucoin was under the impression that his medical condition would excuse his deposition.[1] The Court therefore excuses Mr. Aucoin under the facts of this case and further finds that forcing him to sit for his deposition would be duplicative and cumulative given that the parties have already stipulated that his testimony would be identical to that of his wife (who appeared for her deposition).

(2) With regard to defendant's Motion to Quash or in the Alternative for a Protective Order Limiting the Scope of Plaintiff's Rule 30(b)(6) Deposition Notice and F.R.C.P. Rule 37(a)(1) Limitation [Doc. #84] and Plaintiff's Motion to Compel and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #86], the Court dismisses the motions as moot without prejudice.

In these two complementary motions, plaintiff seeks to depose defendant's Rule 30(b)(6) representative, and defendants seeks to strike certain topics in plaintiff's notice of deposition. At the oral hearing, and because plaintiff has already deposed the majority of defendant's council members, the parties agreed that the deposition of the "parish" is – for now – unfeasible and impractical given that there are certain individuals – discussed at the oral hearing – who may better be able to respond to plaintiff's topics in its notice of deposition. Accordingly, this Order reserves the right to plaintiff

---

[1] The Court notes that Mr. Aucoin returned the check for his witness fee and mileage.

to depose the individuals discussed at the oral hearing at a time and date mutually-agreed upon by the parties.

(3) With regard to movant's Motion to Quash Notice of Deposition or for Protective Order and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #88], the Court grants the motion in part as outlined below. Having reviewed the topics in defendant's notice of deposition, the Court strikes Topic No. 7 as overbroad and No. 9 as not reasonably calculated to lead to the discovery of admissible evidence. Further, the Court strikes Document Request Nos. 10 and 11. Defendant is not entitled to the financial statements and income tax returns of movant. In all other respects, the motion is denied.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Contempt and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #77] is GRANTED IN PART and DENIED IN PART as outlined above.

**IT IS FURTHER ORDERED** that the Motion to Quash or in the Alternative for a Protective Order Limiting the Scope of Plaintiff's Rule 30(b)(6) Deposition Notice and F.R.C.P. Rule 37(a)(1) Limitation [Doc. #84] and Plaintiff's Motion to Compel and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #86] are DISMISSED WITHOUT PREJUDICE AS MOOT.

**IT IS FURTHER ORDERED** that the Motion to Quash Notice of Deposition or for Protective Order and Fed. R. Civ. Pro. 37(a)(1) Certification [Doc. #88] is GRANTED IN PART and DENIED IN PART as outlined above.

New Orleans, Louisiana, this 20th day of December, 2011.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**