BAYOU FLEET PARTNERSHIP, L.L.P.          CIVIL ACTION

VERSUS                                   NO. 10-1557

ST. CHARLES PARISH                       SECTION "B"(3)

## ORDER AND REASONS

Before the Court are Plaintiff Bayou Fleet Partnership L.L.P.'s ("Bayou Fleet") Motion for Partial Summary Judgment, Defendant St. Charles Parish's ("Parish") Motion for Summary Judgment and both parties' respective oppositions and replies to each motion. (Rec. Docs. No. 130, 132, 138, 151, & 162). Additionally, the Court heard oral argument on the motions and ordered further post-hearing briefs. (Rec. Docs. No. 167, 168, 170, 171, 173, & 174). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Bayou Fleet's Motion for Partial Summary Judgment is **DENIED** and the Parish's Motion for Summary Judgment is **GRANTED in part and DENIED in part.** The Parish's Motion for Summary Judgment is **GRANTED** as to Bayou Fleet's Substantive Due Process claim and **DENIED** as to Bayou Fleet's Equal Protection Claim.

Cause of Action and Facts of Case:

Bayou Fleet is the owner of four tracts of Mississippi River batture property located on the west bank of the Mississippi River in the town of Hahnville located in the Parish. This case arises out of the Parish's denial of Bayou Fleet's applications to rezone

the property in 2009 and 2010. (Rec. Docs. No. 130-4, 138-1, & 132-1 at 3). Bayou Fleet's property currently has existing barge fleeting and sand pits, and the proposed changes include plans for a tower crane, machine shop, drydock, conveyor belt system, stockpile area, and enlargement of the sand pits. (Rec. Doc. No. 162-7 at 143-44). The Parish Council asserts that it voted to deny rezoning in part based on Parish citizens' concerns about increased sand on the road, truck traffic, vibrations and air pollution, received via e-mail and letter correspondence. (Rec. Docs. No. 130-1 at 9 & 132-1 at 8).

On May 25, 2010, Bayou Fleet filed a 42 U.S.C. § 1983 ("§ 1983") substantive due process and equal protection complaint against the Parish. (Rec. Doc. No. 1). In its instant Motion for Partial Summary Judgment, Bayou Fleet claims that the Parish's refusals to rezone the property were irrational as a matter of law and seeks summary judgment on its § 1983 Equal Protection Claim. (Rec. Doc. No. 130-1). The Parish seeks summary judgment on both Bayou Fleet's § 1983 Substantive Due Process and Equal Protection claims, asserting that there is no genuine issue of material fact that the Parish's decisions were supported by a rational basis, and were therefore constitutional. (Rec. Doc. No. 132-1).

Law and Argument:

**1. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions,

interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp*., 812 F.2d 265, 272 (5th Cir. 1987).

As to issues for which the non-moving party has the burden of proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist*., 349 F.3d 244, 247

(5th Cir. 2003). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## 2. Substantive Due Process Claim

Zoning decisions are to be reviewed by federal courts by the same substantive due process standards employed to review statutes enacted by state legislatures. *Shelton v. City of College Station*, 780 F.2d 475, 479 (5th Cir. 1986). Attacks against zoning decisions are not unconstitutional under substantive due process protection of the 14th Amendment unless "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Id*. at 480, citing *Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926); *Nectow v. Cambridge*, 277 U.S. 183 (1928). Therefore, under this "rational basis" standard, if there is least a debatable, conceivable factual basis for the zoning decision, the standard for substantive due process has been met. *Shelton*, 780 F.2d at 480.

In *Shelton*, the plaintiffs sought relief in federal court claiming they were denied substantive due process rights, after zoning officials in Texas denied their request for a zoning variance. *Id*. at 478. The Fifth Circuit affirmed summary judgment

in favor of the defendant, the Zoning Board for the City of College Station. *Id*. at 477. In its decision, the Fifth Circuit noted that the Zoning Board debated the amount of traffic the zoning variance would create in the area before twice denying the plaintiffs' requests. *Id*. The Fifth Circuit held that because the question of whether the zoning decision was justified was "at least debatable ... there is no denial of substantive due process as a matter of federal constitutional law." *Id*. at 483.

In the instant matter, both Bayou Fleet and the Parish agree that the Parish Council's decisions to vote against Bayou Fleet's requests for rezoning were based in part on public opposition. (Rec. Docs. No. 130-1 at 9 & 132-1 at 8). Residents located near the property which Bayou Fleet sought to have rezoned cited concerns about resulting increased noise and vibrations, as well exposure to unknown chemicals and potential hazardous materials. (Rec. Doc. No. 132-12). Like the concerns about increased traffic in *Shelton*, this public opposition created a "conceivable factual basis" for the Parish's denial of Bayou Fleet's rezoning requests. Therefore, the Parish's decision cannot be categorized as "clearly arbitrary and capricious" and the Parish is entitled to judgment as a matter of law on Bayou Fleet's substantive due process claim.

3. **Equal Protection Claim**

The Equal Protection Clause of the 14th Amendment commands that no state shall "deny to any person within its jurisdiction the

equal protection of the laws." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439-440 (1985). An equal protection analysis is triggered when similarly situated persons are treated differently by a state actor. *Mahone v. Addicks Utility Dist. Of Harris County*, 836 F.2d 921, 933 (5th Cir. 1988). Official action which is challenged on equal protection grounds is <u>presumed to be valid</u> and must be sustained if the classification drawn by the action is <u>rationally related</u> to a legitimate state interest. *Id.*, citing *Cleburne,* 473 U.S. at 439-440 (emphasis added). The rational basis test guides the analysis under both the Due Process and the Equal Protection Clauses. *Horizon Concepts, Inc. v. City of Balch Springs*, 789 F.2d 1165, 1167 (5th Cir. 1986). The Fifth Circuit has developed a three-prong test to apply rational basis review in an Equal Protection Clause context: 1) Identify the classification between similarly situated persons; 2) Identify the legitimate state purpose the classification was designed to serve; and 3) Assess whether the classification helps to accomplish the state's legitimate purpose. *Mahone*, 836 F.2d at 933. Therefore, although a legitimate rational basis may exist, the "determination of a fit between the classification and the legitimate purpose <u>may also require a factual backdrop</u>." *Id.* at 937 (emphasis added)(explaining *Shelton's* rational basis standard in an Equal Protection analysis context).

In *Cleburne*, the Supreme Court rejected the City Council's

insistence on a permit for a home for the mentally handicapped as violative of the Equal Protection Clause, when other similarly situated residences such as apartment houses or multiple dwellings were not subjected to a permit process. *Cleburne*, 473 U.S. at 448-450. The City Council met the second prong of the Equal Protection analysis by identifying legitimate purposes for the permitting process, such as its impact on a flood plan or the size of the property and number of occupants. *Id*. at 449. However, the City Council failed in meeting the third prong, because it provided no rational basis for subjecting only the home for the mentally handicapped to the permitting process, when other similar structures such as apartment houses, boarding houses, or fraternity homes, could raise similar concerns, yet were not subject to the permitting process. *Id*. at 449-450. The Court instead found that the City Council's decision was based on an "irrational prejudice" against the mentally handicapped. *Id*. at 450.

Bayou Fleet contends, and the Parish admits, that similarly situated neighbors were granted rezoning requests which Bayou Fleet was denied.[1] (Rec. Docs. No. 162 at 2, 132-1 at 19-20). Thus, Bayou Fleet meets the first prong under the Equal Protection analysis: being treated differently from similarly situated neighbors. To justify this distinction, the Parish cites the same

---

[1]This Court has already held that Bayou Fleet was "similarly situated" to its neighboring batture property owners. (Rec. Doc. No. 69).

7

legitimate purpose identified in the Court's Substantive Due Process analysis, *supra*: public concern about increased noise, pollution, and vibrations resulting from the rezoning.

What remains is the third prong articulated in *Mahone*: whether the classification chosen is actually rationally related to the identified legitimate state purpose. *Mahone*, 836 F.2d at 937. The Court rejects the Parish's argument that once a legitimate purpose has been identified, the Equal Protection analysis need not go any further. As the Fifth Circuit stated in *Mahone*: "A[n] [Equal Protection] rationality analysis ... cannot be conducted in a vacuum. The purpose itself must still be found 'legitimate,' a determination which may require a reference to the circumstances which surround the state's action." *Id*. at 936-37, citing *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869, 882 (1985). Bayou Fleet cites the deposition of Councilwoman Carolyn K. Schexneydre, a member of the Parish Council during the votes on Bayou Fleet's rezoning, who indicates that the Parish's decision might have been improperly based on politics. (Rec. Doc. No. 162-5 at 113). This implication of an improper motive creates a genuine issue of material fact as to the fit between the articulated legitimate purpose (citizens' concerns) and the actual treatment of Bayou Fleet differently from similarly situated neighbors. Consideration of the weight of this evidence is a task reserved for trial. Therefore, the evidence is sufficient at this stage for

Bayou Fleet to survive the summary judgment standard on its Equal

Protection claim.

New Orleans, Louisiana, this 9th day of November, 2012.


UNITED STATES DISTRICT JUDGE