```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**BAYOU FLEET PARTNERSHIP, L.L.P.**                    **CIVIL ACTION**

**VERSUS**                                              **NO. 10-1557**

**ST. CHARLES PARISH**                                  **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are Plaintiff Bayou Fleet Partnership L.L.P.'s ("Bayou Fleet") Motion to Bifurcate, Defendant St. Charles Parish's ("Parish") Opposition to the Motion and Bayou Fleet's subsequent Reply in support of the Motion. (Rec. Doc. Nos. 219, 222, & 225). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Bayou Fleet's Motion to Bifurcate be **GRANTED in part** and **DENIED in part**, as explained below.

Cause of Action and Facts of Case:

Bayou Fleet is the owner of four tracts of Mississippi River batture property located on the west bank of the Mississippi River in the town of Hahnville located in the Parish. This case arises out of the Parish's denial of Bayou Fleet's applications to rezone the property in 2009 and 2010. (Rec. Docs. No. 130-4, 138-1, & 132-1 at 3). Bayou Fleet's property currently has existing barge fleeting and sand pits, and the proposed changes include plans for a tower crane, machine shop, drydock, conveyor belt system, stockpile area, and enlargement of the sand pits. (Rec. Doc. No. 162-7 at 143-44). The Parish Council asserts that it voted to deny rezoning in part based on Parish citizens' concerns about increased

sand on the road, truck traffic, vibrations and air pollution, received via e-mail and letter correspondence. (Rec. Docs. No. 130-1 at 9, & 132-1 at 8).

On May 25, 2010, Bayou Fleet filed a § 1983 substantive due process and equal protection complaint against the Parish. (Rec. Doc. No. 130-1 at 1). Both Bayou Fleet and the Parish subsequently filed cross-motions for summary judgment. (Rec. Docs. No. 130 & 132). Bayou Fleet claimed that the Parish's refusals to rezone the property were irrational as a matter of law and sought summary judgment on its § 1983 Equal Protection Claim. (Rec. Doc. No. 130-1). The Parish sought summary judgment on both Bayou Fleet's § 1983 Substantive Due Process and Equal Protection claims, asserting that there was no genuine issue of material fact that the Parish's decisions were supported by a rational basis, and were therefore constitutional. (Rec. Doc. No. 132-1).

The Court held oral argument on the motions on September 26, 2012 and ordered post-hearing briefs on the implication of a mixed motive analysis in an Equal Protection claim context. (Rec. Docs. No. 167 & 168). Thereafter, the Court granted summary judgment in favor of the Parish on Bayou Fleet's Substantive Due Process claim, and denied summary judgment on Bayou Fleet's Equal Protection claim. (Rec. Doc. No. 204). The Court ruled that a genuine issue of material fact remained as to the "fit between the articulated legitimate [government] purpose (citizens' concerns) and the actual

2

treatment of Bayou Fleet differently from similarly situated neighbors." (Rec. Doc. No. 204 at 8).

In the instant motion, Bayou Fleet seeks to bifurcate trial on the issues of liability, injunctive relief, and damages.[1] (Rec. Doc. No. 219-1 at 2).

Law and Analysis:

"For convenience, to avoid prejudice, or to expedite and economize, **the court may order a separate trial of one or more separate issues**, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b) (emphasis added). "Whether to conduct separate trials under the Rule [42(b)] is 'a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir. 2009), citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2008). In the context of Civil Rights actions, several district courts have bifurcated the issue of liability and damages in the interest of judicial economy and to avoid juror confusion, when there is little overlap between the evidence and witnesses for each issue. *See Doctor John's, Inc. v. City of Sioux city, Iowa*, 438 F.Supp. 2d. 1005, 1041 (N.D. Ill. 2006); *Evans v. State of Conn.*, 168 F.R.D. 118, 121 (D. Conn. 1996); *Gauthreaux v.*

---

[1] Jury trial in this matter is set for February 4, 2013. The final pretrial conference is set for January 24, 2013.

3

*Baylor Univ. Medical Center*, 876 F.Supp. 847, 848 (N.D. Tex. 1994). In a patent infringement action, a district court relying on Fed. R. Civ. P. 42(b) has ordered distinct phases with respect to liability and damages, as an alternative to ordering separate trials. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992).

In *Doctor John's*, the plaintiff was an "adult entertainment business" challenging the constitutionality of city zoning ordinances regulating the location of the business within city limits. *Id*., 438 F.Supp. 2d at 1010. The trial court granted the plaintiff's motion to bifurcate trial on the issues of liability and damages. *Id*. at 1041. In it's decision, the trial court noted that because factual issues of liability had to be determined before raising the issue of damages to the jury, holding trial on both issues simultaneously was "potentially confusing and prejudicial." *Id*.

As in *Doctor John's*, the issue of remedy or damages is triggered only if the jury finds for Bayou Fleet on the issue of liability, which hinges on a factual determination under an Equal Protection analysis. There is likely to be little overlap between the evidence and witnesses presented in order to prove the factual issue of mixed motive for the Parish's decision to deny rezoning and the actual damages suffered by Bayou Fleet as a result. Therefore, like the Court in *Doctor John's*, this Court finds that

4

separating the factual issue of liability from the issue of remedies or damages would reduce juror confusion and promote judicial economy.

However, under Rule 42(b), the bifurcation of issues does not always necessitate fully separate trials. In *Laitram*, the district court held a single proceeding but divided the trial into separate phases, whereby the jury first determined liability, and if the defendant was found liable, a trial on the issue of damages was then presented to the same jury. *Laitram*, 791 F.Supp. at 115.

Similarly, in the present matter, separation of the liability and remedies/damages issues into separate phases rather than fully separate trials will best promote the interest of judicial economy while reducing juror confusion. Accordingly, trial on liability and remedies/damages will be held in separate phases of the same proceeding.

New Orleans, Louisiana, this 14TH day of January, 2013.

                                                          UNITED STATES DISTRICT JUDGE